I disagree with the majority's disposition of the first assignment of error. Although I agree with the majority that that there was sufficient evidence presented that Dr. Kuo's treatment was the proximate cause of Proctor's injuries, I would affirm the directed verdict for Dr. Kuo because there was not sufficient evidence that Dr. Kuo's treatment of Proctor fell below the recognized standard of care in the medical community. In addition to evidence of proximate cause, the plaintiffs were required to present evidence "`as to the recognized standard of the medical community in the particular kind of case, and a showing that the physician in question negligently departed from this standard in his treatment of plaintiff.'" Bruni v. Tatsumi (1976), 46 Ohio St.2d 127,131, quoting Davis v. Virginian Ry. Co. (1960), 361 U.S. 354, 357,4 L.Ed.2d 366, 369. This required them to present expert testimony "concerning the specific standard of care that prevails in the medical community in which the alleged malpractice took place, according to the body of law that has developed in this area of evidence." Bruni v.Tatsumi, 46 Ohio St.2d at 132. The plaintiffs in this case presented no such evidence.
The plaintiffs' expert talked around this issue, but never gave sufficient testimony to survive Dr. Kuo's motion for a directed verdict. Plaintiffs' expert, Dr. Elizabeth Connelly, merely testified that Dr. Kuo's course of treatment is something that is not done because it risks the type of tissue damage that Proctor sustained. She did not opine, however, that the course of treatment is unacceptable in the medical community as a method of treating Proctor's particular cancer. In fact, Dr. Connelly admitted that Proctor's cancer, which eventually reappeared elsewhere in his body, did go into remission after Dr. Kuo's treatment. Dr. Connelly further testified as to what she would have done as the treating physician in this situation and also identified some other appropriate protocols that could have been followed in this. Never during her testimony did Dr. Connelly state that Dr. Kuo's course of treatment of Proctor was not appropriate or that it fell below the acceptable standard of care in the medical community.
For this reason, I would affirm the directed verdict for Dr. Kuo and I respectfully dissent from the majority's analysis of this issue. I concur with the majority in the remainder of the opinion.